NOT DESIGNATED FOR PUBLICATION

No. 116,126

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STEPHEN JOHNSON,
*Appellant*,

v.

REX PRYOR,
*Appellee*.


MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed June 2,
2017. Affirmed and remanded with directions.

*Michael G. Highland*, of Bonner Springs, for appellant.

*Sherri Price*, special assistant attorney general, for appellee.


Before ARNOLD-BURGER, C.J., GREEN and MCANANY, JJ.


*Per Curiam*:  Stephen Johnson appeals the dismissal of his pro se motion entitled
"Petition for Writ of Habeas Corpus (Pursuant to K.S.A. 60-1501)." In this motion,
Johnson requested that the Leavenworth County District Court convert his 1974 Shawnee
County burglary sentence to a sentence under the Kansas Sentencing Guidelines Act
(KSGA). The Leavenworth County District Court dismissed Johnson's motion for lack of
jurisdiction based on Johnson's failure to exhaust administrative remedies. Johnson
contends that this ruling was erroneous because equitable estoppel allowed the trial court
to consider his argument. For reasons set forth below, we reject this argument. Whether
Johnson exhausted administrative remedies is entirely irrelevant because Johnson's pro se

1

motion was actually a motion attacking his sentence under K.S.A. 2016 Supp. 60-1507. Accordingly, we affirm the trial court's ruling that it lacked jurisdiction as being right for the wrong reason. Moreover, we remand to the Leavenworth County District Court with instructions to transfer Johnson's case to the Shawnee County District Court because a transfer of this matter best serves the interests of administrative and judicial economy.

On October 2, 2015, Johnson, acting pro se, moved for relief under K.S.A. 2016 Supp. 60-1501 with the Leavenworth County District Court. Citing *State v. Gonzales*, 255 Kan. 243, 250, 874 P.2d 612 (1994), Johnson asked that his sentence imposed for a 1974 burglary in Shawnee County Case No. 29732 be converted to a sentence under the KSGA. Although Johnson did not cite K.S.A. 1993 Supp. 21-4724 in his motion, Johnson was clearly relying on K.S.A. 1993 Supp. 21-4724, a provision which allowed defendants who had committed certain offenses before the enactment of the KSGA in 1993 to have their pre-1993 sentences converted to KSGA sentences.

Johnson also attached the following documents to his motion: (1) the order committing Johnson to prison for Shawnee County Case No. 29732; (2) the information charging Johnson with one count of burglary and one count of theft in Shawnee County Case No. 29732; and (3) the three inmate request forms sent by Johnson to the prison records department, requesting that his burglary sentence from Shawnee County Case No. 29732 be converted to a KSGA sentence. Two of the inmate request forms were filed on September 23, 2015, and the other inmate request form was filed on September 24, 2015. For all three requests, the prison records department returned the request form the day it was filed, telling Johnson that he needed to "contact legal services for prisoners."

On October 8, 2015, the Leavenworth County District Court ordered that Johnson show he had exhausted administrative remedies because "K.S.A. [75-52,138] requires an inmate to exhaust all administrative remedies 'established by the rules and regulation promulgated by the secretary of corrections' before filing [this] civil action." The trial

2

court ordered Johnson to provide proof of exhaustion of administrative remedies within 30 days or else it would dismiss his motion.

On October 28, 2015, Johnson filed a poverty affidavit with the trial court. Johnson attached a note to the poverty affidavit. The note stated:

> "When I mailed the court . . . 3 copies on 10-3-15 [*sic*] there was . . . a[n] answer from records that stated I need to contact Legal Services for Prisoners. I wrote Legal Services and they have not yet responded back which has been over 30 days. You should have that answer attached to [the] petition . . . ."

Six days later, the trial court ordered "[t]hat [the] writ of habeas corpus should be issued" and served upon Pryor, who was the warden of the facility in which Johnson was imprisoned. The trial court set an evidentiary hearing for December 17, 2015.

On November 16, 2015, Pryor moved to dismiss Johnson's motion, alleging that Johnson had failed to exhaust administrative remedies as required under K.S.A. 75-52,138. Pryor also noted that Johnson had not filed any proof that he had exhausted administrative remedies with his K.S.A. 60-1501 motion.

Relying on *In re Pierpoint*, 271 Kan. 620, 623, 24 P.3d 128 (2001), Johnson responded that he should be allowed to present his case to the trial court without establishing that he had exhausted administrative remedies. Johnson attached an inmate request form. In the inmate request form, Johnson asked that the prison records department send him a copy of a 1993 letter explaining why his sentence for the 1974 burglary in Shawnee County Case No. 29732 could not be converted to a KSGA sentence. Yet, it seems this form was never actually given to the prison records department as there was no response or signature of someone in the records department on the request form.

3

At the December 17, 2015, evidentiary hearing, Pryor reiterated the arguments in his motion to dismiss. Johnson, still acting pro se, responded as follows:

"[W]hen I first started this, Your Honor, I wrote . . . Legal Services for Prisoners in Overland Park. Then after that, I wrote [prison] records . . . . [They] told me to get with —you need to contact legal aid.

. . . .

"I'm [not an] attorney, Your Honor. And I figure, well, I'll just start in records. And [records] reply was, [y]ou need to contact Legal Services for Prisoners. So that's when I wrote a letter."

After making these statements, the trial court commented that it believed Johnson was truly requesting relief under K.S.A. 60-1507, meaning the proper venue was in Shawnee County District Court. The trial court commented that under that assumption, it did not have jurisdiction to reach the merits of Johnson's arguments. Then, the trial court told Johnson that it was "going to change venue to Shawnee County and let them address [his issues]." Johnson, however, asked the trial court to consider his argument because his argument was "pertaining to just conversion." At the end of the hearing, the trial court took Johnson's argument under advisement.

On December 21, 2015, the trial court issued an order granting Pryor's motion to dismiss. The trial court ruled that Johnson's assertions that he had exhausted administrative remedies was not enough because under K.S.A. 75-52,138, Johnson was required to provide proof of exhaustion of administrative remedies before the court acquired jurisdiction.

*Did the Trial Court Err by Dismissing Johnson's Motion?*

On appeal, Johnson argues that even though he did not exhaust his administrative remedies, equitable estoppel allowed the trial court to review his K.S.A. 2016 Supp. 60-

4

1501 motion. Accordingly, Johnson asks that this court reverse the trial court's dismissal for lack of jurisdiction based on his failure to exhaust administrative remedies and remand with directions to consider his underlying arguments. Pryor responds that Johnson failed to establish that he had exhausted administrative remedies below, meaning that the trial court correctly dismissed Johnson's motion. As a result, Pryor asks this court to affirm the trial court's dismissal.

Nevertheless, a review of Johnson's motion and the relevant law involving conversion of pre-1993 sentences to sentences under the KSGA establishes that Johnson was actually seeking relief under K.S.A. 2016 Supp. 60-1507, not K.S.A. 2016 Supp. 60-1501. Therefore, as a pro se movant, the trial court should have interpreted Johnson's motion as a motion for relief under K.S.A. 2016 Supp. 60-1507 despite the fact that he cited K.S.A. 2016 Supp. 60-1501 as the basis for his motion. Because K.S.A. 2016 Supp. 60-1507 motions must be filed with the sentencing court, the Leavenworth County District Court should have ruled that it lacked jurisdiction to consider Johnson's motion challenging his Shawnee County sentence for that reason. Yet, because the Leavenworth County District Court errantly ruled that it lacked jurisdiction based on Johnson's failure to prove exhaustion of administrative remedies under K.S.A. 2016 Supp. 60-1501, we affirm the trial court's ruling that it lacked jurisdiction as being right for the wrong reason. Nevertheless, we remand this matter to the Leavenworth County District Court with instructions to transfer Johnson's motion to the Shawnee County District Court because it will serve the interest of administrative and judicial economy.

In the interest of judicial economy, we would have ruled on the merits of this case if we had had a sufficient record, but based on the documents included in the record on appeal, it is unclear whether Johnson would be entitled to conversion of his pre-1993 sentences to sentences under the KSGA. According to the document Johnson attached outlining his criminal history, Johnson had several pre-1993 convictions, including an aggravated battery under K.S.A. 21-3414 (Ensley 1981). With the exclusion of the pre-

1993 aggravated battery, all of Johnson's pre-1993 crimes would constitute severity level 5 or lower crimes under the KSGA. Depending upon the facts of Johnson's pre-1993 aggravated battery, however, the aggravated battery may constitute a severity level 4, 6, or 7 crime under the KSGA. If Johnson's pre-1993 aggravated battery constitutes a severity level 4 crime under the KSGA, then Johnson would not be entitled to the retroactive application of the KSGA for any of his sentences. See K.S.A. 1993 Supp. 21-4724(c)(1). There is not enough information in the record on appeal for us to make a definitive determination of this issue.

Affirmed and remanded with instructions to transfer Johnson's case to the Shawnee County District Court.